```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                    CHARLOTTE DIVISION
                      3:09CV149-MU-02
```

```
CHARLES F. GRAHAM,         )
     Petitioner,           )
                           )
     v.                    )              ORDER
                           )
FREDERICK HUBBARD,         )
     Respondent.           )
_____)
```

**THIS MATTER** comes before the Court on Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. §2254 (document # 1), filed April 3, 2009.

Rule 4 of the Rules Governing Section 2254 Cases, directs habeas courts promptly to examine habeas petitions. When it plainly appears from such any petition and any attached exhibits that the petitioner is not entitled to relief, the reviewing court must dismiss the motion. For the reasons stated herein, Petitioner's case will be dismissed as time-barred.

### I. FACTUAL AND PROCEDURAL BACKGROUND

According to the instant Petition and the attached exhibits, on October 1, 2002, a jury convicted Petitioner of first degree-murder. On October 4, 2002, the Superior Court of Mecklenburg County sentenced Petitioner, upon the jury's recommendation, to a

1

term of life imprisonment without the possibility for parole.

Petitioner appealed his case to the North Carolina Court of Appeals. However, the State Court of Appeals found no error and on April 4, 2004, entered an Order rejecting the appeal. North Carolina v. Graham, 163 N.C. App. 784 (2004). Petitioner did not seek certiorari review before the United States Supreme Court. Rather, in May 2004, Petitioner filed a Petition for Discretionary Review in the North Carolina Supreme Court. On December 2, 2004, that Petition also was denied.

After waiting approximately more than fifteen months, Petitioner began his pursuit of collateral review in the North Carolina Courts on March 18, 2006, by filing his first Motion for Appropriate Relief ("MAR" hereafter) in the Superior Court of Mecklenburg County. Such MAR was summarily denied. Next, Petitioner filed a second MAR in Mecklenburg County, but that Motion also was summarily denied. Petitioner then filed a Petition for a Writ of Certiorari in the State Court of Appeals. That time, however, Petitioner's case was remanded to the MAR Court for a hearing on a single claim. On April 21, 2008, an evidentiary hearing was held on the subject claim. Nevertheless, on September 5, 2008, the MAR Court entered an Order denying the claim. Last, Petitioner sought certiorari review of that decision in the State Court of Appeals. That Petition also was rejected in an Order entered March 17, 2009.

Petitioner, through his counsel,[1] now has come to this Court on the instant federal Petition under § 2254, seeking review of his murder conviction. Counsel for Petitioner argue that the State court's determination -- that Petitioner's due process rights were not violated by State prosecutors' alleged failure to disclose their investigator's promise of favorable treatment to a key trial witness against Petitioner -- was contrary to and involved an unreasonable application of clearly established federal law and/or the State court's decision was based upon an unreasonable determination of the facts. Therefore, counsel argue that Petitioner, as a matter of law, is entitled to relief on the basis of the prosecutors' violations of Petitioner's rights under Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972). Nevertheless, the instant Motion must be summarily dismissed for untimeliness.

## II. ANALYSIS

Indeed, in Hill v. Braxton, 277 F.3d 701, 705 (4th Cir. 2002), the Fourth Circuit observed, consistent with other circuits, that even though the AEDPA limitations period is an affirmative defense, federal habeas courts have the discretion to raise timeliness sua sponte because "[a]ctions brought pursuant to § 2254 implicate considerations of comity, federalism, and

---

[1] Petitioner is represented by three attorneys from North Carolina Prisoner Legal Services, Inc.

3

judicial efficiency to a degree not present in ordinary civil actions." The <u>Hill</u> Court further observed that "[t]he text of Rule 4 [of the Rules Governing Section 2254 Cases] not only permits a district court to dismiss <u>sua sponte</u> an action in which 'it plainly appears . . . that the petitioner is not entitled to relief,' but directs it to do so, even in the absence of a responsive pleading from the state." <u>Id</u>. at 705 (internal citation omitted). However, such discretionary authority is "not completely unfettered," but is "'informed by those factors relevant to balancing the federal interests in comity and judicial economy against the petitioner's substantial interest in justice.'" <u>Id</u>. at 706, <u>quoting</u> <u>Yeatts v. Angelone</u>, 166 F.3d 255, 226 (4th Cir. 1999).

Apart from the issue of a district court's authority to raise the question of timeliness, the <u>Hill</u> Court further noted that a district court must determine whether justice requires that the <u>habeas</u> petitioner be afforded with notice and a reasonable opportunity to be heard before a petition is dismissed upon initial review as untimely filed. <u>Id</u>. at 706. Ultimately, <u>Hill</u>'s language makes clear that under certain circumstances, <u>habeas</u> courts, on initial review, properly may dismiss § 2254 petitions as untimely filed. In the <u>Hill</u> case, however, the Court determined that the district court should have given the petitioner notice of the issue and an opportunity to respond

4

before dismissing his petition as untimely because: (1) under the facts of that case made it difficult for the Court, on its own, to determine whether Hill's petition actually was time-barred and, therefore, it would have been unreasonable for Hill to have pled detailed facts to establish the timeliness of his petition; and (2) Hill was appearing pro-se and, unlike "a seasoned habeas practitioner" would have had no notice of the issue and could not have been expected to anticipate a statute of limitations defense, and to preempt it by pleading the relevant and necessary facts.

Applying the principles from Hill to the instant case, the Court first notes that Petitioner's conviction and sentence became final almost five years before he filed his Petition. In addition, Petitioner appears to have had numerous rounds of review for his claim, including an evidentiary hearing. Thus, this Court's well-recognized interest in promoting judicial efficiency, conserving judicial resources, and safeguarding the accuracy of state courts' judgments "by requiring resolution of constitutional questions while the record is fresh and lend[ing] finality to state court judgments within a reasonable time," all support this Court's conclusion that it should exercise its discretion and consider the question of timeliness on its initial review of Petitioner's case. Hill, 277 F.3d at 706, quoting Acosta v. Artuz, 221 F.3d 117, 123 (2nd Cir. 2000).

Second, in the present case, unlike Hill, Petitioner was represented by three licensed attorneys who are employed by an agency which routinely reviews habeas issues and assists inmates with their claims.  Given those facts, it would not be unreasonable for this Court to find that one or more of those attorneys should have anticipated the issue of the Petition's timeliness and pled facts to overcome the strong appearance of untimeliness if any such facts exist. Equally critically, even if Petitioner's attorneys were unaware of the great potential for his Petition to be time-barred, this Court's standard habeas form now puts petitioners on notice for issues relating to timeliness.[2]  That is, the Court's habeas forms, which were modified after the Hill decision, now set forth the provisions of 28 U.S.C. § 2244(d)(1), and question 18 prompts petitioners to provide an explanation if their petitions are being filed more than one year after their state convictions have become final.

Based upon these facts, the Court finds that Hill is distinguishable from Petitioner's case.  Therefore, the Court need not give Petitioner's attorneys any additional notice or opportunities to attempt to provide excuses for his delay in filing this Petition.

---

[2] In December 2004, the Administrative Office of the Courts modified the federal habeas forms to comply with Hill.  Question 18 on the new form advises the petitioner that if his/her conviction became final more than one year before the time that the motion to vacate is being submitted, he/she "must explain why the one-year statute of limitations as contained in 28 U.S.C. §2244(d) [also set forth on the form] does not bar [such] motion."

6

Rather, as counsel for Petitioner likely are aware, in April 1996, the U.S. Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA, hereafter), effectively amending the rules to include the following language:

A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review:
>
> (B) the date on which the impediment to filing an application created by State in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court; if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Furthermore, the AEDPA provides that the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

As was noted, Petitioner's documents reflect that his

conviction and sentence were affirmed on direct review before the State Court of Appeals on April 20, 2004. Such documents further establish that Petitioner did not seek <u>certiorari</u> review in the United States Supreme Court; and that his Petition for Discretionary Review was denied by the State Supreme Court on December 2, 2004. Ultimately, then, when calculating Petitioner's one-year limitations period from that December 2004 date,[3] in the absence of any intervening circumstances, the Court finds that he had up to and including December 2, 2005, in which to file his § 2254 Petition. Obviously, however, Petitioner did <u>not</u> file this Petition by his December 2005 deadline.

Additionally, while it has not escaped the Court's attention that Petitioner did seek post-conviction review in the State court system, that fact is of little consequence here. That is, Petitioner allowed his December 4, 2005 AEDPA deadline to expire by more than three months before he even initiated his pursuit of collateral review with the filing of his first MAR on March 18, 2006. By the time Petitioner filed that MAR, his one-year limitations period already had fully expired. Consequently, because it is well settled that subsequently filed motions or

---

[3]Although the Court believes that Petitioner's AEDPA deadline could be calculated as running for one year from July 20, 2004, that is, for one year from the expiration of the 90-day period during which he could have sought <u>certiorari</u> review in the U.S. Supreme Court, <u>Clay v. United States</u>, 537 U.S. 522, 527 (2003), the Court will calculate his deadline as running for one year from December 2, 2004 -- the date on which his Petition for discretionary review was denied.

8

petitions for collateral review in State court cannot somehow breathe new life into already expired federal limitations periods, Petitioner's delayed pursuit of State collateral review simply came too little too late.  See Minter v. Beck, 230 F.3d 663 (4th Cir. 2000) (time period after case became final for purposes of direct appellate review but before initiation of State collateral review is not tolled from one-year limitations period).  In short, the time during which Petitioner pursued collateral review cannot be used to toll the one-year limitations period.

Notwithstanding the foregoing calculations, all of which are based exclusively on the information set forth in documents submitted by Petitioner, habeas counsel chose entirely to ignore the timeliness issue and did not even attempt to address the foregoing statutory bases for excusing Petitioner's delay.  Nor did counsel address any equitable bases for tolling the limitations period.  Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2004) (en banc) (noting that there are "rare instances where -- due to circumstances external to the party's own conduct -- it would be unconscionable to enforce the limitations period against the party and gross injustice would result.").  While counsel undoubtedly were entitled to proceed in that manner, they did so at the peril of this Petition.

9

### III. CONCLUSION

The Court has determined that the instant Petition was untimely filed without excuse; therefore, such Petition must be <u>dismissed</u>.

### IV. ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Petitioner's Motion to Amend (document # 2) is **DISMISSED** as moot;

2. Petitioner's Petition for a Writ of <u>Habeas Corpus</u> (document # 1) is **DENIED and DISMISSED** as untimely filed; and

3. In the event counsel for Petitioner have a documented reason which can establish either a statutory or equitable basis for excusing the delay in filing this Petition, they may consider presenting such information in a properly filed motion for reconsideration pursuant to Fed.R.Civ.P. Rule 59(e).

**SO ORDERED.**

Signed: May 20, 2009

Graham C. Mullen
United States District Judge