```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                      CHARLOTTE DIVISION
                       3:09CV149-MU-02
```

```
CHARLES F. GRAHAM,         )
     Petitioner,           )
                           )
     v.                    )          ORDER
                           )
FREDERICK HUBBARD,         )
     Respondent.           )
_____)
```

**THIS MATTER** comes before the Court on Petitioner's Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 59(e)[1], filed June 19, 2009 (document # 6).

The record of this matter reflects that on April 3, 2009, Petitioner filed a Petition for a Writ of <u>Habeas Corpus</u> under 28 U.S.C. §2254 (document # 1) in the United States District Court for the Middle District of North Carolina (document # 1). However, because Petitioner's case involves a conviction imposed by the Superior Court of Mecklenburg County, this matter was transferred to this Court by an Order entered April 9, 2009 (document # 2). On April 13, 2009, the case was assigned to the undersigned.

---

[1] Petitioner filed this Rule 59(e) Motion more than 10 days after the entry of the Order of dismissal and corresponding Judgment. Therefore, Petitioner's Motion for Reconsideration will be construed under Federal Rule of Civil Procedure 60(b)(6).

1

Attorneys from the North Carolina Prisoner Legal Services served as counsel in this matter. The subject Petition reports that on October 1, 2002, a jury convicted Petitioner of first degree-murder. On October 4, 2002, the Superior Court of Mecklenburg County sentenced Petitioner to a term of life imprisonment without the possibility for parole. The Petition further reports that on April 4, 2004, the North Carolina Court of Appeals entered an Order rejecting Petitioner's appeal; that the State Supreme Court denied Petitioner's Petition for discretionary review on December 2, 2004; and that Petitioner did not seek any further direct review of his case.

Critically, the subject Petition also reports that Petitioner did not initiate his pursuit of collateral review in the Superior Court of Mecklenburg County until March 18, 2006. Notwithstanding that representation, counsel for Petitioner neither acknowledged the one-year time limitation period imposed by the Antiterrorism and Effective Death Penalty Act of 1996 nor offered an excuse for his seemingly untimely filing of his federal Petition. Accordingly, the Court determined that the Petition was time-barred without excuse and, on May 20, 2009, entered an Order dismissing said Petition.

On June 19, 2009, Petitioner filed the instant pro-se Motion for Reconsideration explaining that his attorneys mistakenly reported that he began his pursuit of collateral review in March

2

2006 when he, in fact, filed his first Motion for Appropriate Relief ("MAR," hereafter) a full year earlier on March 18, 2005. In support of his Motion for Reconsideration, Petitioner has submitted several official documents from the State Court's record, including a copy of the Order by which his first MAR was denied. All of the documents that reference the MAR refer to a filing date of March 18, 2005, not 2006.

Rule 60(b)(6) allows this Court to relieve a party from a final judgment for any reason that justifies relief. Petitioner's Motion for Reconsideration justifies relief. Specifically, that Motion makes it abundantly clear that the Court concluded that the subject Petitioner was time-barred without excuse based upon an erroneous representation from counsel. Indeed, using the correct information, it appears that Petitioner actually commenced his pursuit of collateral review in the State Court on March 18, 2005 -- before the expiration of his one-year limitations period; and that such limitations period was tolled from March 18, 2005 until March 17, 2009, when Petitioner's pursuit of State collateral review was concluded by the denial of his final <u>certiorari</u> petition. Most significantly, this information tends to show that Petitioner's federal <u>habeas</u> Petition was not time-barred; therefore, his Motion for Consideration will be <u>granted</u>.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Petitioner's Motion for Reconsideration is **GRANTED**;

2. Petitioner's § 2254 Petition for a Writ of Habeas Corpus is **REINSTATED**;

3. Within sixty (60) days of the entry of this Order, Respondent shall file a response to each of the claims raised in Petitioner's Petition;

4. North Carolina Prisoner Legal Services shall **RESUME** its representation of Petitioner; and

5. The Clerk shall send copies of this Order to Petitioner, the Attorney General of North Carolina, and to North Carolina Prisoner Legal Services.

**SO ORDERED.**

Signed: February 5, 2010

Graham C. Mullen
United States District Judge