**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09-cv-149-RJC**

| | |
|---|---|
| CHARLES F. GRAHAM, )<br>)<br>Petitioner, )<br>v. )<br>)<br>THEODIS BECK, et al., )<br>)<br>Respondent. )<br>) | **ORDER** |

**THIS MATTER** is before the Court on consideration of Respondent's motion for reconsideration of the Court's Order denying his habeas petition, filed pursuant to 28 U.S.C. § 2254.

Petitioner is a prisoner of the State of North Carolina following his conviction for first-degree murder on October 4, 2002, in Mecklenburg County Superior Court. Petitioner's judgment was upheld on appeal and the North Carolina Court of Appeals denied his petition for a writ of certiorari to review the superior court's denial of his first motion for appropriate relief (MAR).

Petitioner filed a second MAR contending that the State committed error in failing to disclose information regarding a possible deal with a prosecuting witness, Jshehaun Odell Jones. Jones testified against Petitioner at his trial and Petitioner contends that he was later the beneficiary of a Rule 35 motion for a downward departure in a federal case within this district, in part, because of the damaging testimony Jones provided during Petitioner's trial. See (Doc. No. 24: Motion for Downward Departure). The MAR court rejected Petitioner's claim following an evidentiary hearing and the North Carolina Court of Appeals denied review.

1

Petitioner then filed a § 2254 petition in this district raising claims for relief which included that the State violated its obligations to provide material evidence under Brady v. Maryland, 373 U.S. 83 (1963). Petitioner renewed his argument that the State committed reversible error in failing to turn over information regarding Jones' discussion with State authorities, and that the State erred in failing to correct certain testimony which Jones provided that Petitioner argued was false. See (Doc. No. 17: Order). The Court granted summary judgment in favor of the Respondent and denied habeas relief after finding that Petitioner had failed to present any meritorious claims for relief. Petitioner appealed to the United States Court of Appeals for the Fourth Circuit and the Fourth Circuit dismissed the appeal. Graham v. Beck, 480 F. App'x 725 (4th Cir. 2012) (unpublished), cert. denied, 133 S. Ct. 2810 (2013).

In his motion for reconsideration, Petitioner contends that the undersigned, who served as the U.S. Attorney in this district at the time Petitioner faced State prosecution for first-degree murder, should have been recused from the case based on a conflict of interest. Petitioner argues that an email from then assistant U.S. Attorney Gretchen C.F. Shappert, and a motion for a Rule 35 motion for reduction of Jones' sentence filed by Ms. Shappert, are grounds supporting reinstatement of Petitioner's § 2254 petition and for reassignment of the case to another district judge. (Doc. No. 24).

Petitioner's argument is without merit as he has failed to identify any conflict of interest, and consequently, any possible prejudice resulting from the undersigned's presiding over his § 2254 proceeding. As the Court noted in its Order of dismissal, the evidence of Petitioner's guilt was simply overwhelming, and Petitioner had a full and fair opportunity to present his arguments before the State court, and before this Court, which would include the present argument during his pending § 2254 habeas proceeding. Yet, Petitioner has waited until this late hour to present a

wholly frivolous and blankly speculative argument.

For the foregoing reasons, the Court finds that Petitioner's motion for reconsideration should be denied.

**IT IS, THEREFORE, ORDERED** that Petitioner's motion for reconsideration is **DENIED**. (Doc. No. 24).

Signed: January 16, 2014

Robert J. Conrad, Jr.
United States District Judge